

FILED

2012 DEC -3 AM 11:23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY UAW

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

AURORA LOAN SERVICES, LLC,
Plaintiff,
vs.
ABDOLAHAD PAK, ET AL.,
Defendant.

Case No. CV 12-9825 UA (DUTYx)

ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION AND WARNING RE VEXATIOUS LITIGANT DESIGNATION

The Court will summarily remand this unlawful detainer action to state court because it was improperly removed from the state court by defendant Abdolahad Pak ("Defendant").

Specifically, on November 16, 2012, Defendant, having been sued in a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. Further, the Court also issues this separate order remanding the action to the state court to prevent the action from remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or

federal-question jurisdiction. Therefore, Defendant's removal is improper. *See* 28 U.S.C. § 1441(a); *see also Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000. Plaintiff's unlawful detainer action also fails to raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, Chatsworth Courthouse, 9425 Penfield Ave., Chatsworth, CA 91311, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the clerk send a certified copy of this Order to the state court; and (3) the clerk serve copies of this Order on the parties.

**VEXATIOUS LITIGANT WARNING**

The Court also takes judicial notice of its own dockets and finds this is the third time that Defendant has improperly removed the same underlying state unlawful detainer action despite prior remand orders that explained why the underlying state court action could not be removed to this Court due to lack of jurisdiction. *See* CV 12-7095 UA (DUTYx); CV 12-8425 UA (DUTYx).

The Supreme Court has stated, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Day v. Day,* 510 U.S. 1, 2, 114 S. Ct. 4, 126 L. Ed. 2d 1 (1993), citing *In re McDonald,* 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) ( *per curiam*). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Whitaker v. Superior Court of San Francisco*, 514 U.S. 208, 210, 115 S. Ct. 1446, 131 L. Ed. 2d 324 (1995), citing *In re Whitaker,* 513 U.S.

1, 2, 115 S. Ct. 2, 130 L. Ed. 2d 1 (1994).

Defendant's repetitive, improper removals of the underlying state unlawful detainer action are frivolous and impose an unnecessary burden on the Court's limited resources, especially in these desperate economic times. Further, Defendant's persistent, improper removals also appear to be an improper attempt to judge shop, and are precisely the type of vexatious conduct that warrant further remedial punitive action if Defendant continues to persist in this improper conduct.

Accordingly, Defendant is hereby notified and warned that, if he files another notice of removal of the underlying state unlawful detainer action, the Court will take punitive remedial action, which may include ordering Defendant to appear in person before the Court and show cause why he should not be monetarily sanctioned and/or designated as a vexatious litigant.

IT IS SO ORDERED.

DATED: 11/27/12

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE